```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHARLES STEPNOWSKI                :       CIVIL ACTION
                                  :
         v.                       :
                                  :
HERCULES, INC., et al.            :       NO. 04-02296-JF
_____

SAMUEL J. WEBSTER                 :       CIVIL ACTION
                                  :
         v.                       :
                                  :
HERCULES, INCORPORATED, et al.    :       NO. 05-06404-JF
```

MEMORANDUM AND ORDER

Fullam, Sr. J.                                       April 20, 2006

In these consolidated cases, the named plaintiffs, together with a class of similarly situated persons (in Civil Action No. 05-6404) seek to invalidate an amendment to the Pension Plan of Hercules, Inc. which became effective as of January 1, 2002, and which changed the interest rate to be used in calculating the present value of pension benefits for purposes of a lump-sum distribution upon retirement. Until December 31, 2001, the Plan used the interest rate specified by the Pension Board Guaranty Corporation ("PBGC"); the amended Plan required application of the 30-year Treasury Bill interest rate. Plaintiffs contend (1) that the amendment was not validly adopted; and (2) that, in any event, it can only affect benefits which accrued after December 31, 2001. All parties have moved for summary judgment.

Plaintiffs contend that the amendment to the Plan was not validly adopted, because it was adopted only by the Finance Committee, and not by the Board of Directors of the corporation. I reject that contention. The Finance Committee passed a resolution amending the Plan, reported that fact to the Board, and its report was accepted with approval. It is probable that the Board of Directors had validly delegated that authority to the Finance Committee. At the very least, it is clear that the Board of Directors ratified the Committee's action and proceeded on the assumption that the Plan had been amended.

Plaintiffs are on firmer ground, however, in challenging the retroactive application of the new interest rate calculation to benefits accrued before December 31, 2001. While it is true that the amendment does not violate the statutory anti-cutback limitations in ERISA, its application to pre-2002 benefits constitutes a breach of contract. The Plan itself, in Article VII, permits Plan amendments, but specifically provides:

> "a)   In the event this Plan ... is revised or modified ... pension benefits to Participants ... may not be reduced ... nor may future rights to benefits accrued at the date of such revision or modification be diminished or terminated. For purposes of this provision, the right to a 51% partial cash payment ... <u>and the interest or actuarial assumptions specified herein shall, without limitation, be considered rights to benefits accrued.</u>"

2

Thus, as a matter of ordinary contract law, plaintiffs had a legally-enforceable right to insist that the change in interest rate used in calculating present value cannot be retroactively applied to benefits accruing before December 31, 2001.

The summary judgment record demonstrates that the defendants repeatedly assured their employees on this subject. Indeed, Hercules' own actuary advised the defendants that pre-2002 present value calculations must use the more favorable PBGC interest rate. Quite apart from the protections afforded by the ERISA statute, the Pension Plan is enforceable according to its terms, as a matter of contract. <u>Kemmerer v. ICI Americas, Inc.</u>, 70 F.3d 281 (3d Cir. 1995).

I therefore conclude that plaintiffs' motion for summary judgment must be granted, and defendants' denied.

An Order follows.

```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA


CHARLES STEPNOWSKI              :        CIVIL ACTION
                                :
         v.                     :
                                :
HERCULES, INC., et al.          :        NO. 04-02296-JF


SAMUEL J. WEBSTER               :        CIVIL ACTION
                                :
         v.                     :
                                :
HERCULES, INCORPORATED, et al.  :        NO. 05-06404-JF
```

ORDER

　　　　　　　　AND NOW, this 20th day of April 2006, IT IS ORDERED:

　　　　1.   Plaintiffs' motion for summary judgment on Count I of the respective complaints is GRANTED.

　　　　2.   The Pension Plan of Hercules, Inc. is directed to recalculate the lump sum pension benefit amounts owed to class members by using the applicable PBGC interest rates for all benefits accrued through December 31, 2001, and the applicable 30-Year Treasury Bill rate for all benefits accrued after December 31, 2001.  The lump sum payment to each class member should be the sum of these amounts.

　　　　3.   JUDGMENT is hereby ENTERED in favor of the class representative, Samuel Webster, in the amount of $25,700.36.

      4.    Plaintiff Charles Stepnowski shall, within 10 days, file with the court a calculation of the appropriate judgment to be entered in his favor.

      5.    The parties shall calculate and, if possible, agree upon the appropriate calculation of prejudgment interest. If unable to agree, the parties may further brief the issue within 20 days.

BY THE COURT:

/s/ John P. Fullam
John P. Fullam, Sr. J.